FILED
SUPERIOR COURT
OF GUAM

2020 SEP 14 /PM 4: 58

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| JOSHUA F. PETER; *et al.,* | Civil Case No. CV0444-19 |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER RE PLAINTIFFS' MOTION TO COMPEL DISCOVERY AGAINST DEFENDANT CURTIS VAN DE VELD** |
| FRANCIS GILL; *et al.,* | |
| Defendants. | |

The Court here considers whether to compel Defendant Curtis Van de veld to respond to discovery requests. The Court also addresses whether any requested communications between Attorney Van de veld and his clients remain protected under the attorney-client privilege or whether they are excluded from protection under the crime-fraud exception. The Court GRANTS IN PART and DENIES IN PART the Motion as follows.

I.   **PROCEDURAL BACKGROUND**

A.   **Case History**

Following this Court's October 25, 2019 Decision and Order re Motion to Dismiss, one count remains active in this case. That count alleges that Defendants Francis Gill, Cyfred, Inc., Stephanie Mendiola, and Van de veld engaged in a conspiracy to commit wrongful conduct against Plaintiffs.

As a preliminary note, what did not survive dismissal was Plaintiffs' claim of wrongful conduct by way of a fraud on the Court; the Court dismissed those allegations as insufficiently

ORIGINAL

pled. Dec. and Order re Mot. Dismiss at 8 (Oct. 15, 2019). However, what remains is an "umbrella" of allegations about other wrongful conduct. According to Plaintiffs, "the four defendants conspired in efforts to deprive the plaintiffs of all of plaintiffs' right, title and interests in the 14 lots, including attorney Wong's mortgage security interests in five (5) of those lots." First Am. Compl. ¶ 103 (Apr. 29, 2019).

Against Van de veld, attorney for the other defendants in various other cases and the present case, Plaintiffs claim he is the "hub" of wrongful conduct among his clients. Plaintiffs accuse Van de veld of coordinating his clients' wrongful conduct which includes making misrepresentations in court filings in CV0426-18, a related and active case involving the same parties here. Examples of misconduct cited by Plaintiffs include:

- Misrepresenting to Plaintiffs in 2014 that Cyfred had no further obligation to assist Plaintiffs with clearing Mendiola's title to the 14 lots. First. Am. Compl. ¶ 106. Plaintiffs allege that this constituted a misrepresentation because Van de veld received a Quitclaim Deed from Mendiola quitclaiming her interest in the lots to Cyfred in 2014. Memo. P. & A. Mot. Compel at 11 (May 1, 2020).

- Creating another roadblock by requiring Plaintiffs to sign a release in favor of Mendiola in order to obtain the Quitclaim Deed. Memo. P. & A. Mot. Compel at 12.

- Taking positions in court pleadings that Mendiola held undisturbed title to those 14 lots "when they knew or should have known that she did not." First Am. Compl. ¶¶ 103, 105.

ORIGINAL

- Moving for summary judgment in CV0426-18 and refusing to obey court orders to produce the Quitclaim Deed. First Am. Compl. ¶ 111.[1]

## B.    Court's Discovery Order

In its December 13, 2019 Scheduling Order, the Court anticipated that Plaintiffs would seek discovery from Van de veld, whose communications with Gill, Cyfred, and Mendiola are presumed to be protected by attorney-client privilege. Rather than set the parameters within the Scheduling Order as to what Plaintiffs could and could not request in discovery, the Court provided guidance as to how discovery should proceed. First, prior to taking any discovery of Van de veld, the Court directed Plaintiffs to attempt to obtain the information from other sources. "In any motion to compel or for a protective order involving discovery posed to Van de veld, the Court will examine whether there are any other means to obtain the requested information." Sched. Order at 2 (Dec. 13, 2019). Second, if Plaintiffs sought protected information from Van de veld, they had to demonstrate why the privilege did not apply. Finally, the Court advised that it would examine any discovery request under the lens of crucialness to the case.

## C.    Motion to Compel

On or about March 8, 2020, Plaintiffs issued requests for production of documents and interrogatories to Van de veld. Van de veld initially responded by citing to the Court's Scheduling Order requiring Plaintiffs to first seek discovery from sources other than Van de veld. Memo. P. & A., Ex. I(D)(1). On the deadline for responses, Van de veld emailed Wong stating that he relied on the "content of Administrative Order of the Guam Supreme Court suspending all obligations of deadlines," which at the time tolled deadlines until April 16, 2020. Memo. P.

---

[1] The Court takes judicial notice of its Order finding Mendiola and Van de veld in contempt of court for refusing to provide a deed. CV0426-18 (Dec. and Order re Order to Show Cause, May 29, 2019).



& A., Ex. (II)(1). Van de veld also rejected any attempt to meet and confer by means other than in person. Memo. P. & A., Ex. (II)(1). Plaintiffs have also noticed Van de veld's deposition, which was slated to occur on April 15, 2020. Memo. P. & A., Ex. I(C).

Turning to the substance of the discovery requests, the request for production seeks documents concerning:

1.  Mendiola's interest or lack thereof in any lots involved in this case.

2.  Reasons for her lack of interest.

3.  Efforts for Mendiola to sign the first deed and/or her reasons for such efforts or lack of them and/or her response to such efforts.

4.  Efforts for Mendiola to sign the second deed  and/or her reasons for such efforts or lack of them and/or her response to such efforts.

5.  The "after acquired property" or "subsequently acquired property" doctrine and/or its applicability or lack of applicability to deeds described.

6.  Consideration for the foreclosure deeds obtained by Mendiola in 2006.

7.  Efforts to void the second deed and/or the reason for that.

8.  Mendiola's summary judgment efforts in CV0426-18 and/or the reason for such efforts.

9.  Plaintiffs' summary judgment efforts against Mendiola in CV0426-18 and/or the reason for the opposition to such efforts.

10. What to do or fail to do to Wayson Wong and/or his clients for his and/or their failure to join with or assist Cyfred in CV0631-06 in 2014.

Memo. P. & A. Mot. Compel, Ex. I(A).


ORIGINAL

The interrogatories sought responses to the following topics:

1. Why any documents responsive to the RPD were withheld.

2. Why any documents responsive to the RPD are no longer in Van de veld's custody.

3. The identity and contact number for each lay witness.

4. Identity of expert and substance of their testimony.

5. Documents considered by any expert.

6. Information about each exhibit to be used at trial.

7. Confirming Van de veld's understanding to supplement his responses to interrogatories.

Memo. P. & A., Ex. I(B).

## II.    LAW AND DISCUSSION

### A.    Rules 26 & 37

A party may move to compel a disclosure upon an opposing party's failure to answer an interrogatory or respond to a request for production of documents. GRCP 37(a)(2)(B). A party may generally obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party "[u]nless otherwise limited by order of the court." GRCP 26(b).

### B.    Order GRANTING Motion to Compel Responses to Interrogatories 3 - 7

In line with its authority under Rule 26(b), the Court has set forth guidance on how the parties should conduct discovery from Van de veld. Its guidance aimed to encourage available means of discovery before seeking to invade the attorney-client privilege. However, upon review of the Motion to Compel, the Court recognizes several requests do not seek attorney-client communications: Interrogatories 3 (identity and contact information for each



witness), 4 (identity of experts and substance of their testimony), 5 (documents considered by experts), 6 (information about exhibits), and 7 (Van de veld confirming his understanding to supplement responses). The Court determines that Van de veld may respond to these interrogatories without jeopardizing the disclosure of privileged material. The Court therefore GRANTS Plaintiffs relief as to these requests and ORDERS Van de veld to respond within 14 days of this Decision and Order.

## C.    *Shelton* Test

The Court's Scheduling Order warned that with any motion to compel seeking discovery from Van de veld, it was likely to review whether (1) Plaintiffs explored alternative means, (2) Plaintiffs sought non-privileged information or showed why the privilege did not apply, and (3) whether the discovery was crucial to the case. The three factors derived from *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). In *Shelton*, the plaintiffs deposed American Motors Corporation's in-house counsel. The attorney refused to answer questions concerning the existence of certain documents. The trial court sanctioned that refusal by awarding default judgment. The Eighth Circuit, however, reversed the default judgment and outlined concerns about the practice of deposing opposing counsel.

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing opposing counsel detracts from the quality of client representation.


ORIGINAL

*Id.* The court then outlined the three-part test as guidance for when courts should permit discovery against opposing counsel.

This Court shares the same concerns, particularly under the present circumstances. Plaintiffs seek discovery against not just a named opposing party, but opposing party's counsel. Some of the information sought from Van de veld directly implicates his representation of Cyfred, Gill and Mendiola in active litigation and strategic decisions made on their behalf. The greatest precautions must be taken, then, to ensure that the privilege is preserved.

For the foregoing reasons, the Court finds that Plaintiffs did not meet the first and second factors of the *Shelton* test.

        1.      <u>Prong 1: Whether Plaintiffs Sought Information from Alternative Sources</u>

First, the Court is not persuaded that Plaintiffs had no other means of discovering the requested information. Plaintiffs acknowledge that they have not done this, arguing that seeking the requested information from Gill or Mendiola would probably be futile. Memo. P. & A. Mot. Compel at 10. According to Plaintiffs and as stipulated by Van de veld at the motion hearing, Mendiola and Gill have not had direct contact since at least 2013. Plaintiffs' theorize that the lack of communications between Mendiola and Gill encumbers Van de veld as the conspiracy's "hub:" "[Gill's] and Cyfred's conspiracy with her has had to have gone through [Van de veld] to her and vice versa. [Van de veld is] the center of the claims and issues involved in the Fourth Count (the conspiracies described), and that is why discovery against [Van de veld] is needed and crucial for my clients' conspiracy claims in that Count." Memo. P. & A. Mot. Compel at 13.

The Court finds that Plaintiffs' beliefs of futile discovery do not excuse them from fulfilling the first prong. Plaintiff could have posed some of the same interrogatories or



production requests to Gill, Cyfred, or Mendiola--specifically, areas such as Mendiola's title, consideration for the deeds, efforts to void the deeds, and information about witnesses for this case. The Court does not find at present that the requests would be futile if posed to the other defendants.

2.    Prong 2: Attorney-Client Privilege & Crime-Fraud Exception

Second, the Court is not persuaded that Plaintiffs have established that the information sought, while attorney-client communications, falls under the crime-fraud exception thereby losing the protections of attorney-client privilege.

Plaintiffs argue that they are entitled to an in camera review by the Court of the requested documents to establish the applicability of the crime-fraud exception. The Court recognizes that the disclosure of allegedly privileged materials to this Court for an in camera review for this purpose does not have the legal effect of terminating the privilege. *United States v. Zolin*, 491 U.S. 554, 568 (1989). However, Plaintiff must make a sufficient "'showing of a factual basis adequate to support a good faith belief by a reasonable person,' that in camera review of the materials may reveal evidence to establish that the crime-fraud exception applies." *Id.* at 572 (quoting *Caldwell v. District Court*, 644 P.2d 26, 33 (Colo.1982)).

So before even considering an in camera review, the Court must determine if a factual basis supports such review. The factual basis must be analyzed within the elements of the crime-fraud exception. The crime-fraud exception applies where the party attempting to circumvent the privilege can meet the following test: (1) a prima facie showing of fraud, and (2) the communications in question are in furtherance of the misconduct. *In re Sealed Case*, 676



F.2d 793, 814-15 (D.C. Cir. 1982).[2]    Here, the record indicates that Plaintiff will not be able to satisfy the prima facie showing.

### a) Intentional interference with a contract

Plaintiffs argue that Defendants tortiously interfered with the Settlement Agreement and Cyfred's promised assistance to clear title.[3]  The elements of intentional interference with a contract are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Lujan v. J.L.H. Trust*, 2016 Guam 24 ¶ 30.  As an initial matter, under *Lujan*, because Gill and Cyfred are parties to the Settlement Agreement, they cannot be held liable for wrongful interference.  See *Id*, at ¶ 31 ("A contracting party generally has no cause of action against the other party for conspiring to breach their own contract or for wrongfully interfering with their own contract.  The tort cause of action for interference only lies against outsiders to the contract.").  Without Cyfred or Gill as wrongdoers, Mendiola and Van de veld are left as potential tortfeasors on the claim of intentional interference with contractual relations.

The Court is satisfied that Plaintiffs have demonstrated the first two prongs of intentional interference with contract—a valid contract and Mendiola and Van de veld's knowledge thereof.

---

[2] Because an exception to privilege also applies as an exception to the work product doctrine, the Court's analysis below is applicable to both doctrines. *In re Sealed Case*, 676 F.2d 793, 812 (D.C. Cir. 1982).

[3] "Fraud," as it appears in the first factor, can encompass common-law fraud or even general misconduct. *Garner v. Wolfinbarger*, 430 F.2d 1093 (5th Cir. 1970); *Cooksey v. Hilton Intern. Co.*, 863 F. Supp. 150 (S.D.N.Y. 1994) (finding that intentional tort moored in fraud can trigger exception); *Harris Management, Inc. v. Coulombe*, 151 A.3d 7, 18 (Me. 2016) ("Because proof of planned fraudulent activity can result in the exception being applied, fraudulent activity may, for purposes of the crime-fraud exception to the attorney-client privilege, be activity that, although deceptive and fraudulent, falls short of the fully realized civil tort or fraud."); *Whetstone v. Olson*, 732 P.2d 159, 160 (Div.2 1986) (noting that it is well settled that crime-fraud exception applies to civil frauds as well as to crimes).


ORIGINAL

Plaintiffs have also satisfied the third prong by showing that Van de veld communicated with Wong in advising that Mendiola condition the Quitclaim Deed on releases.

However, on the fourth prong—actual breach or disruption of the contract--this Court has already spoken in determining on summary judgment that Plaintiffs failed to comply with the requirement of noticing a material breach which precluded Plaintiffs from pursuing claims of breach of contract. In its October 3, 2019 Decision and Order re Defendants' Motion for Partial Summary Judgment issued in CV0426-18, the Court ruled that "Plaintiffs waived a viable breach of contract claim when they failed to issue a Notice of Material Breach" and that because the Settlement Agreement was fully integrated, Plaintiffs could not enforce additional promises outside of the contract. CV0426-18 (Dec. and Order re Defs.' Mot. Partial Summ. J. at 7). The Court questions how Plaintiffs can demonstrate actual breach of a contract due to the intentional interference of a condition to provide deeds when they have already been deemed to have waived claims of breach for the same conduct of getting the deeds from Mendiola. Absent a demonstration of a breach of the contract, at present, Plaintiffs have not satisfied a prima facie case for intentional interference of a contract sufficient to justify the first prong of the crime fraud exception.

### b) Misrepresentation

The Court now turns to Plaintiffs' claim of misrepresentation by Defendants that Cyfred had an ability to clear title. Under Guam law, the elements of fraud or misrepresentation are: "(1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to defraud to induce reliance; (4) justifiable reliance; and (5) resulting damages." *Transpacific Export Co. v. Oka Towers Coq.*, 2000 Guam 3 ¶ 23.



The representation at issue occurred on November 11, 2014, where Cyfred stated it "had no further obligation to assist plaintiffs and [Wong] with clearing off Mrs. Mendiola's title to the 14 lots, when it had the ability to do that simply by recording the Quitclaim Deed she had signed, notarized and given to Cyfred." First Am. Compl. ¶ 106. The Court questions whether any misrepresentation occurred, focusing on Cyfred's "obligation" versus its "ability." Again, as the Court has ruled on summary judgment in CV0426-18, Plaintiffs waived their arguments to claim that Cyfred failed to live up to its end of the bargain by not presenting a notice of material breach relative to the production of deeds by Mendiola. Once the deadline to file a notice of material breach passed, all consideration—including the obligation to tender such deeds—"will have been deemed provided to the respective parties." CV0426-18 (Compl., Ex. 1 at 26, Apr. 30, 2018). Cyfred's obligation was deemed to have been fulfilled. While it may possess further "abilities" to assist Plaintiffs, Plaintiffs have not demonstrated how the contracting party, Cyfred, had any further "obligations."

The Court recognizes that it preserved the misrepresentation claim from dismissal because it was sufficiently pled: "Plaintiffs adequately pled misrepresentation because Gill's statement that Cyfred no longer had an obligation to assist Plaintiffs could be construed as a misrepresentation of fact." Dec. and Order re Mot. Dismiss at 7. However, examining the allegation under the lens of a prima facie case for the purposes of the crime-fraud exception to attorney-client privilege, and reviewing what Plaintiffs have argued to the Court, the Court at this time does not find sufficient allegations to determine that such a misrepresentation occurred.

Consistent with there being no misrepresentation, the Court also finds that Cyfred's representation that it had no further obligation may not be a falsity under the second prong.


ORIGINAL

Without demonstrating that a misrepresentation or false statement occurred, Plaintiffs have not furnished a prima facie case of misrepresentation.

In summary, as explained above, the first prong in the analysis of the crime fraud exception is whether there is a prima facie case of fraud or wrongdoing. On the allegation of an intentional interference with the Settlement Agreement or promised assistance, Plaintiffs fail to demonstrate how there was any interference with a contract when Plaintiffs waived Cyfred's compliance. On the claim of misrepresentation, Plaintiffs fail to demonstrate either a misrepresentation or a false statement. For these reasons, the court finds that the plaintiff has not satisfied the requirements of the crime-fraud exception.

### 3.    Prong 3: Whether the Discovery is Crucial

*Shelton* involves a third prong: whether the requested discovery is crucial. For the discovery Plaintiffs must seek from other sources, the Court declines to address this question as the issue is not yet ripe. The Court has found the remaining discovery requests to be properly posed and requires Van de veld to respond.

### D.    Whether Discovery Is Tolled

The Court last addresses Van de veld's claim that the time for him to produce discovery has been tolled during the pandemic. Court operations have been limited since March 16, 2016. ADM20-210. However, throughout the pandemic, court filings continued to be accepted for filing and the Guam Supreme Court ordered parties to utilize electronic rather than personal service. ADM20-210 at ¶ 7. On March 27, 2020, the Guam Supreme Court ordered that ". . . all filing deadlines—including statutory filing deadlines—shall be tolled. Any court filing due during this period shall be deemed timely filed if filed when the court opens for regular business



on April 15, 2020." AM20-214 ¶ 3. A later Administrative Order continued to toll filing deadlines until June 29, 2020. ADM20-260.

As discussed in the Administrative Orders, the Guam Supreme Court tolled *filing* deadlines; but the Administrative Orders make no mention of tolling discovery deadlines. Discovery requests and responses to discovery requests generally may not be filed with the Clerk. CVR 26.1. Because the Guam Supreme Court did not specifically toll deadlines for discovery, Van de veld cannot rely on such orders in delaying his discovery responses.

## III. CONCLUSION

The Court GRANTS the Motion to Compel as to Interrogatories 3, 4, 5, 6, and 7 and DENIES the Motion as to all other discovery requests.

SO ORDERED this 14th day of September 2020.



**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Wayson W.S. Wong, Esq., Law Offices of Wayson Wong, for Plaintiffs Joshua F. Peter, et al.
Curtis Van de veld, Esq., The Van de veld Law Offices, P.C., for Defendants Francis Gill,
    Cyfred, Ltd., and Curtis Van de veld
Stephanie Mendiola, Esq., *pro se*